IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LORENZO BENNETT, SR., | : |
| Plaintiff, | : |
| v. | :     CA 15-00165-KD-C |
| NATIONSTAR MORTGAGE, LLC, *et al.*, | : |
| | : |
| Defendants. | |

### RULE 16(b) SCHEDULING ORDER

After consideration of the parties' Fed. R. Civ. P. 26(f) report (doc. 17), as well as the pleadings of the parties, the following scheduling order is entered pursuant to Fed. R. Civ. P. 16(b):

1.     FINAL PRETRIAL CONFERENCE. This jury action[1] shall be pretried by District Judge Kristi K. DuBose on **September 1, 2016, at 9:30 a.m.,** in **Mobile, Alabama.** This is a firm setting and the parties are expected to be ready for trial by the pretrial conference. **A COPY OF JUDGE DUBOSE'S STANDING ORDER GOVERNING HER FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY**.

2.     TRIAL. This action will come on for jury selection on **October 4, 2016,** at **8:45 a.m.**, and for trial during the month of **October 2016,** in Mobile, Alabama, the specific dates to be set at the Final Pretrial Conference. The parties have estimated that this action will require **one to two (1-2)** trial days.

---

[1]     Based on the undersigned's review of the court file, it appears that none of the parties have filed a jury demand. (*See* docket sheet.) However, the parties have agreed to a jury trial in their Rule 26(f) report. (Doc. 17, ¶ 4.) Therefore, this matter shall proceed as a jury case.

3. <u>DISCOVERY COMPLETION</u>.  All discovery is to be completed on or before **April 1, 2016**.  Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.

For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production have been served and responded to; physical inspections and testing concluded; physical and mental examinations concluded; experts' reports exchanged; all depositions, including experts' depositions, taken; and motions to compel timely filed to give adequate time for the court to consider them and non-party subpoenas (for production of evidence or to permit inspection).  *See also infra*, ¶ 11.

4. <u>INITIAL DISCLOSURES</u>.  The initial disclosures required by Fed. R. Civ. P. 26(a)(1) have already been exchanged, or shall be exchanged, not later than **June 24, 2015.**

5. <u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>.  Motions for leave to amend the pleadings or to join other parties must be filed not later than **November 27, 2015**.

6. <u>EXPERT TESTIMONY</u>.  The expert reports as required by Rule 26(a)(2)(B) shall be produced on or before **February 1, 2016**, by the Plaintiff, and on or before **February 15, 2016**, by the Defendants.  In addition, any Rule 26(a)(2)(C) disclosures are to be made on or before **February 1, 2016**, by the Plaintiff, and on or before **February 15, 2016**, by the Defendants.  Rebuttal evidence, authorized by Rule 26(a)(2)(D), shall be disclosed on or before **February 15, 2016**, by the Defendants, and on or before **February 29, 2016**, by the Plaintiff.  An expert's deposition, if taken, must be noticed and completed within **thirty (30) days** of the date on which the expert's report is disclosed.

**Please Note**: **All challenges to expert witnesses, including *Daubert* motions, must be filed in advance of the Final Pretrial Conference and not later than August 11, 2016.**

7. SUPPLEMENTATION. Supplementation of disclosures and responses as required by Rule 26(e) is to be accomplished "at appropriate intervals" and "seasonably," but no later than **April 15, 2016**.

8. PRETRIAL DISCLOSURES. The time for **disclosing** the information required by Rule 26(a)(3) shall be **August 11, 2016**.

9. DISCOVERY LIMITS. Discovery is limited as follows:[2]

    a. Not more than **30** interrogatories, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

    b. Not more than **4** depositions by the Plaintiff and **3** depositions by each Defendant may be taken, each deposition limited in duration to **eight (8) hours** unless extended by agreement of the parties or by court order;

    c. Not more than **30** requests for admission, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

    d. Not more than **30** requests for production of documents, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service. **Subpoenas *duces tecum* to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

---

[2] Those specific discovery issues identified by the parties in paragraph 6 of their Rule 26(f) report are the issues subject to discovery in this case.

In applying these limits, all parties represented by the same counsel will be treated as a single party.

10.     ELECTRONICALLY STORED INFORMATION ("ESI") and PROTECTIVE ORDER WITH CLAWBACK AGREEMENT. The parties agree that ESI may be an issue in this case. (Doc. 17, ¶ 12.) However, the parties do not sufficiently address the protocol that will be followed when preserving, requesting, searching or producing ESI. (*Id.*) The parties also failed to address the method in which the parties will bear the costs of ESI discovery. (*Id.*) Furthermore, because the parties have briefly discussed claims of privilege, including privilege claims relating to documents inadvertently produced, (*id.*), the undersigned has determined that a protective order governing these issues should be entered by the Court. Therefore, the parties are **ORDERED** to file a proposed consent order governing confidential materials and discovery of ESI similar to that entered by the undersigned in *National Steel City, LLC v. Outokumpu Stainless USA, LLC*, CA 13-00272-KD-C, Doc. 39, Attachment A.[3] This agreed-upon consent order should be filed by the parties, under cover of motion, not later than **July 1, 2015**.

11.     DISCOVERY MOTIONS.  The following requirements pertain to discovery motions filed in this Court:

   a.     Conferencing by Counsel. The conferencing requirements set forth in the Federal Rules of Civil Procedure shall be strictly enforced, and govern any motion by a party to obtain either court-facilitated discovery or protection from another party's attempts to obtain information through discovery, and any motion for extension

---

[3] The undersigned certainly anticipates that the proposed consent order in this case will not be as detailed as that in *National Steel City, LLC v. Outokumpu Stainless USA, LLC*; however, the consent order in that case is a good example of what this Court is looking for (in general) with respect to protective orders which incorporate a Clawback Agreement and cover the production of electronically stored information.

of time on discovery related issues. This requirement applies to all such discovery-related motions, including but not limited to, those referred to in Rules 26(c) (motion for a protective order); 34(b) (motion to compel production or inspection); 35(a) (motion for physical and mental examination); 36(a) (motion to determine sufficiency of admissions); 37(a) (motion to compel disclosure or discovery); 37(d) (failure to attend own deposition, respond to interrogatories or requests for production); and 45(c) (protection of persons subject to subpoena). In order to comply with the conferencing requirement, a moving party must include more than a cursory statement that counsel have been unable to resolve the matter. Counsel seeking court-facilitated discovery, instead, must adequately set forth in the motion facts sufficient to enable the Court to determine whether there has been good faith conferencing between the parties. Any such motion not containing the required certification will be stricken or denied.[4]

---

[4] Based on the undersigned's experience with the different interpretations practitioners have given to the mandate that they make a good faith effort to resolve discovery disputes before bringing them before the Court, some guidance is deemed necessary. All three referenced sections of the Federal Rules of Civil Procedure employ the same language, that the motions be accompanied by a certification that the movant "has in good faith conferred or attempted to confer" with other affected parties or persons, prior to seeking the Court's help in resolving discovery disputes. In this context, confer means "to have a conference; compare and exchange ideas; meet for discussion; converse." *Webster's New World Dictionary* (College Edition, 1968). A conference is "[a] meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes." *Black's Law Dictionary*, Rev. 4th ed. (1968). Therefore, simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes. *See generally Robinson v. Napolitano*, No. CIV. 08-4084, 2009 WL 1586959 (D.S.D. June 4, 2009) (denying the government's motion to compel discovery "without prejudice to the government's ability to renew such motion after satisfying the condition precedent of conferring with Mr. Robinson in a **good faith** effort to resolve the outstanding discovery disputes between the parties") (emphasis in original); *see also id.* at *3-4 (collecting cases that "put 'flesh on the bone' of the meet-and-confer requirement"—'"conferment" [per Rule 37] requires the parties 'to have had an actual meeting or conference'" (quoting *Shuffle Master, Inc. v. Progressive Gams, Inc.*, 170 F.R.D. 166, 170-171 (D. Nev. 1996)); "counsel calling opposing counsel and leaving a vague message two hours before filing the discovery motion does not satisfy the meet-and-confer requirement" (citing *Alexander v. FBI*, 186 F.R.D. 197, 198-199 (D.D.C. 1999)); "the meet-and-confer requirement [is not] satisfied by the sending of a letter that indicated that a motion to compel would be filed if the opposing party did not comply with discovery requests" (citing *Bolger v. District of Columbia*, 248 F.R.D. 339, 343-344 (D.D.C. 2008)); "sending a letter discussing the discovery issue did not satisfy the meet-and-confer requirement or the pre-requisite of a certification of having conferred in good

    b. <u>Time of Filing; Form</u>.  A motion for protective order pursuant to Rule 26(c), a motion for physical and mental examination pursuant to Rule 35(a), a motion to determine sufficiency pursuant to Rule 36(a), and a motion to compel pursuant to Rule 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court.  Any such motion shall quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party.  Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

    c. <u>Time for Responses</u>.  Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion.  Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based.

    d. <u>Privilege or Protection of Trial Preparation Materials</u>.  The

---

faith" (citing *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 239-40 (S.D. Miss. 2001)); "the meet-and-confer requirement is intended to require counsel to '*converse, confer, compare views, consult and deliberate*'" (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999) (emphasis added))).

  Further, as the court in *Shuffle Master* observed, and this Court adopts, any good faith certification filed "*must* accurately and specifically convey to the court *who, where, how, and when* the respective parties attempted to personally resolve the discovery dispute."  170 F.R.D. at 170 (emphasis added).  ***Motions with certifications lacking this level of detail will be stricken.***

6

provisions of Rule 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules).

12. DISPOSITIVE MOTIONS. Motions for summary judgment and any other dispositive motions, especially those which require little or no discovery, are to be filed as soon as possible but in no event later than **April 22, 2016**. Neither the final pretrial conference nor the trial will be delayed pending a ruling on such motions. In submitting exhibits, the parties are reminded of Local Rules 5.5(b) and (c), which provide that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.

13. SETTLEMENT/ADR. A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs. If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan, which is available on the Court's website.[5] Accordingly, the parties are **ORDERED** to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure.

---

[5] *See* United States District Court for the Southern District of Alabama Order Adopting Alternative Dispute Resolution Plan, dated Feb. 8, 1995, *available at:* http://www.alsd.uscourts.gov/documents/forms/ADRplan.pdf.

The written assessment shall be filed as soon as possible during the discovery process but no later than the *close of discovery*. Rule 16(c)(2)(I).

Notwithstanding the above-referenced deadlines, the parties may contact the undersigned United States Magistrate Judge *at any stage of the proceedings* if they believe mediation or a settlement conference would be beneficial and the undersigned will conduct such a settlement conference in this case or otherwise refer this matter to a Court-authorized neutral for mediation.

14.     BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS.  Unless prior permission of the Court is given:

   a.     A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length.  Attachments to a brief do not count toward the page limitation.  *See* S.D. ALA. L.R. 7.1(b).

   b.     An application to the Court for an order shall be by motion, not by letter.  *See* FED. R. CIV. P. 7(b).  Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter.  *See* S.D. ALA. L.R. 5.1(d).

   c.     Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers.  A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently-filed pleading, motion or other paper; it may be adopted by reference.  If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.

   d.     Papers transmitted to the Court by facsimile will not be accepted

for filing. A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, http://www.alsd.uscourts.gov.

15. **MODIFICATION OF RULE 16 ORDERS**. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. Establishing good cause generally requires a showing that the applicable deadline could not be met despite the diligence of the party seeking modification of the schedule, that is, a finding that the moving party lacked due diligence usually ends the inquiry into good cause. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. FED. R. CIV. P. 16(b) & (e).

16. **LOCAL RULES**. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.), but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.alsd.uscourts.gov. Local Rule 5.5(a) proscribes the filing of most discovery materials.

17. **SANCTIONS**. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Rule 16(f).

**DONE and ORDERED** this the 17th day of June 2015.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**