IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LORENZO BENNETT, SR.,** | : | |
| Plaintiff, | : | |
| v. | : | CA 15-00165-KD-C |
| **NATIONSTAR MORTGAGE, LLC,** *et al.,* | : | |
| Defendants. | : | |

## ORDER

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated August 17, 2015, is **ADOPTED** as the opinion of this Court.

Accordingly, Defendants' Motion to Dismiss (Doc. 18) is **GRANTED in part and DENIED in part.** It is **ORDERED** that Defendants' Rule 12(b)(6) motion is **GRANTED** as to the following claims:

- Bennett's negligence and wantonness claims against Nationstar and BONYM (Count One).

- Bennett's negligent misrepresentation claims (to the extent they are asserted separately and apart from Bennett's negligence claims) against Nationstar and BONYM (Count One).

- Bennett's claim for breach of contractual obligations of good faith and fair dealing against Nationstar and BONYM (Count Three).

- Bennett's claims for violations of 12 C.F.R. § 1024.41 and § 1024.35 against BONYM (Counts Five and Six).

- Bennett's claims for statutory damages against Nationstar and BONYM based on an alleged "pattern or practice" of RESPA violations (Counts Five and Six).

- Bennett's claim for preliminary injunctive relief (Doc. 10, at 37-39).

1

The Defendants' Rule 12(b)(6) motion (Doc. 18) is **DENIED** as to Bennett's breach of contract (Count Three), FDCPA (Count Four), and permanent injunctive and declaratory relief claims, and Bennett is **ORDERED** *sua sponte* to replead Counts Three and Four **not later than September 22, 2015**. Plaintiff shall adhere to the following standards in repleading his complaint:

1. Bennett shall omit mention of any claim that is dismissed by the Court's Order addressing the Report and Recommendation.

2. In filing an Amended Complaint, Plaintiff *must not* file another shotgun complaint. Bennett shall refrain from incorporating multiple causes of action into one count, as well as from the wholesale adoption by reference of all allegations in the Amended Complaint into each cause of action. Instead, he must list each discrete cause of action (e.g., breach of contract or FDCPA violations) in a separate count and identify with specificity the factual allegations used to support each discrete claim against each individual Defendant.

3. In being ordered to replead under Rule 12(e), Bennett is not being granted leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2). Thus, he shall not use this as an opportunity to add new claims and/or parties which are not apparent from the allegations in his Amended Complaint (Doc. 10). *Cf. Washington v. Util. Trailer Mfg. Co.,* No. 1:13–CV–610–WEF, 2014 WL 2831189, at *5 n.5 (M.D. Ala. June 23, 2014) ("Plaintiffs may not use this order to re-plead Count I as an opportunity to add new claims.").

**DONE** and **ORDERED** this the **8th** day of **September 2015.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**